WALTER C. PRESCOTT AND AMELIA J. PRESCOTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prescott v. Commissioner
Docket No. 5432-82.
United States Tax Court
T.C. Memo 1984-157; 1984 Tax Ct. Memo LEXIS 515; 47 T.C.M. (CCH) 1389; T.C.M. (RIA) 84157; March 29, 1984. *515 Joseph B. Alala, Jr. and J. Robert Wren, Jr., for the petitioners. Mathew E. Bates, for the respondent. KORNER
SUPPLEMENTAL MEMORANDUM OPINION KORNER, Judge: The instant case was submitted to the Court on a fully stipulated set of facts pursuant to Rule 122. [1] The sole issue presented by the parties to us for determination was whether petitioners received $21,000 of dividend income during 1978 which they failed to report in their return. In its initial memorandum opinion herein, filed as on November 29, 1983, the Court, while finding relevant facts as stipulated by the parties, held that the respective theories under which each party approached the issue in this case were erroneous. In determining the correct theory upon which the case should be decided, the Court found that certain essential material and relevant facts were not disclosed in the record before it, and accordingly *516 remanded the case to the parties in order to give them an opportunity to stipulate such additional necessary facts or, absent such stipulation, to move the Court for a further evidentiary hearing. In compliance with the Court's order, the parties have now filed a supplementary stipulation of facts with the Court covering the necessary omitted facts, and the Court accordingly finds, in accordance with said stipulation, as follows: (a) The fair market value of the unsecured demand note, in the face amount of $50,000, issued by I.E.C. to petitioner Walter C. Prescott on February 28, 1978, and bearing interest at the rate of 7 percent, was $45,000. (b) Petitioner Walter C. Prescott had an adjusted cost basis of $71,978.64 in his stock of I.E.C. (c) The earnings and profits of I.E.C., computed as of the close of the corporation's taxable year on January 31, 1979, were $43,452.59. Since such additional facts now supply the missing links which enable the Court to decide the issue presented, the Court now finds and holds, in accordance with its prior opinion herein, , that petitioner received an ordinary fully taxable dividend in 1978 in the amount *517 of $43,452.59, as the result of the distribution to petitioner by I.E.C. of its promissory note in that year. Decision will be entered under Rule 155.
Footnotes
1. All references to Rules herein are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the sections of the Internal Revenue Code of 1954, as in effect in the years in issue, unless otherwise noted.↩